Major General (KS) Lee Tafanelli Adjutant General and Director of Emergency Management Homeland Security Adjutant General's Department
2800 SW Topeka Blvd. Topeka, Kansas 66611-1287
Dear Major General Tafanelli:
As the Adjutant General of the State of Kansas, you request clarification regarding Attorney General Opinion No. 2011-2, concerning liability under the Kansas Tort Claims Act (KTCA).[1] Specifically, you request an opinion on the following issues:
 1. Whether the private professional associations that appoint Regional Homeland Security Council members to represent functional disciplines assume liability for such members, or whether the individual member is responsible for liability purposes;
 2. Whether "at-large" Regional Homeland Security Council members who are appointed by the Council are personally responsible for liability purposes; and,
 3. When proxy voting is allowed, whether the appointing governmental agencies or private associations are liable for an individual who acts as a proxy for a Council member, even when the proxy may not be an employee of the appointed member's governmental agency or private association.
The Kansas Commission on Emergency Planning and Response created seven Regional Homeland Security Councils in an effort to enhance local and state emergency preparedness.[2] Each of the Councils has its own set of bylaws that define the mission, composition and governing protocols of the Council.[3] Some Councils allow for proxy voting if a member is unable to attend a meeting, [4] while other Councils expressly prohibit proxy voting.[5]
Each Council is composed of members appointed by two distinct groups: (1) local governing bodies, and (2) functional disciplines that respond to emergencies, such as the fire service, law enforcement, and hospitals.[6] Members representing functional disciplines are appointed by private professional associations such as the Kansas Association of Firefighters, the Kansas Sheriffs' Association, and the Kansas Emergency Management Association.[7]
Council bylaws specify the number of members who must represent each group, including the number of required representatives from each functional discipline.[8]
Members at-large have full voting rights and are appointed by each Council to provide expertise in agriculture, non-profit organizations, and/or other fields relevant to homeland security.[9] Council bylaws require a certain number of members at-large to be appointed by the Council, and they are considered to be members representing functional disciplines.[10]
 Liability of Private Professional Associations
As noted in Attorney General Opinion No. 2011-2, a Regional Homeland Security Council is an instrumentality of a state agency and is therefore considered to be a "governmental entity" under the KTCA.[11] Generally, a governmental entity is liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment.[12]
Under the KTCA, an "employee" is defined as "any officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in the service of a governmental entity in any official capacity."[13] The only exclusions from this broad definition are independent contractors and adult and juvenile offenders sentenced to perform community service.[14] Governmental entities are even liable for former employees for acts and omissions within the scope of their employment during their former employment with the governmental entity.[15]
Council members appointed by private professional associations are considered Council employees under the KTCA because they are members of a council of a governmental entity per K.S.A. 2010 Supp. 75-6102(d). Kansas case law also supports the concept that individuals may be deemed employees of a governmental entity for KTCA purposes by virtue of their service to the governmental entity. In Bonewell v. City of Derby, the Kansas Supreme Court held that members of the Jaycees, a private organization, were considered to be Derby city employees under the KTCA to the extent that they assisted the City in carrying out a public purpose, namely organizing the recreational use of City-owned sports fields.[16] Thus, the Jaycees were covered by the KTCA for claims arising from their actions in the service of the City.
Council members are considered employees of the Council while acting solely within the scope of their membership with the Council. The responsibility for any liability arising from a negligent or wrongful act or omission by a member while conducting Council business would therefore likely lie with the Council, even if the member was appointed by a private association. Whether the appointing association also might be liable for actions taken by an appointed member in the service of the Council is a question of fact that we cannot answer. Such a determination would depend on the facts of a particular case, and whether the Council member was acting as an employee of the Council or the appointing association.
 Council Members At-large
As noted above, members at-large are appointed by the Council, have full voting rights, and are part of the functional disciplines representation on the Council. The primary difference between members at-large and other Council members is that the Council, rather than local governing bodies or private associations, appoints the members at-large, but this distinction does not except members at-large from protection under the KTCA.[17] So long as members at-large are acting within the scope of their membership with the Council, they are considered to be Council employees for KTCA purposes. It follows that as employees of the Council, members at-large may request a defense from the Council for claims arising from their actions on behalf of or in the service of the Council.
 Proxy Voting
As noted above, some Councils permit a member to designate a proxy to vote in his or her stead if the member is unable to attend a meeting. Individuals serving as proxies for Council members are not full-time Council members, and participate in Council business only upon request when permitted by Council bylaws. Whether an individual serving as a proxy would be covered by the KTCA depends on whether such individual is considered an "employee" of the Council under the KTCA.[18]
The KTCA definition of "employee" includes persons acting on behalf or in the service of a governmental entity in any official capacity.[19] A proxy acting on behalf of or in the service of a person or organization other than a governmental entity would not be subject to the protections of the KTCA. Whether a proxy is acting on behalf of or in the service of a governmental entity or a non-governmental entity is a question of fact that we cannot decide. However, as an example we can consider the issues raised by one Council's set of bylaws.
The Northeast Kansas Regional Homeland Security Council Bylaws specify that a voting Council member may give their proxy vote to a "non-voting representative", i.e. someone who is not a Council member, to vote on their behalf.[20] If the proxy is designated by an individual Council member to represent and vote for that member's position on issues, serves solely for the convenience of the member, and the Council plays no role in selecting or approving the proxy, then it would be reasonable to conclude that the proxy is actingin the service of the individual member, and not the Council. In that case, it is likely that the proxy would not be considered an employee of the Council under the KTCA, and as a consequence would not be afforded the protections of the Act.
We note that most Councils' bylaws do not clearly state who may appoint a proxy, and whether the proxy assumes all of the rights and responsibilities of the member in whose stead they serve.[21] As such, we cannot determine whether the reasoning we apply to the Northeast Kansas Regional Homeland Security Council would apply to other Councils. If proxy voting in the other Councils follows the same rules, then we opine that an individual who serves as a proxy for a Council member is not a Council employee for KTCA purposes, and thus the Council would not be liable for claims arising from the proxy's acts or omissions.
Generally, the Council's liability for its members is limited to claims arising from a negligent or wrongful act or omission by a Council member within the scope of such member's service to the Council.[22] However, at no time is the Council liable for a member's acts or omissions outside the scope of such member's service to the Council, or when such acts or omissions occurred because of actual fraud or actual malice.[23] The existence of actual fraud or malice is a question of fact that we cannot address, because such determination would depend on the circumstances of an individual case.
In summary, whether private professional associations that appoint Council members may be liable for the acts or omissions of such members is a question of fact. At-large members of a Regional Homeland Security Council are considered employees as defined in the Kansas Tort Claims Act and, as such, would be afforded a defense by the Regional Homeland Security Council against any tort claims while acting within the scope of their appointment if such employee did not act with actual fraud or actual malice. An individual who acts as a proxy for a Council member likely is not considered an employee of the Council and thus would not be covered by the KTCA.
Sincerely,
Derek Schmidt Kansas Attorney General
Sarah Fertig Assistant Attorney General
[1] K.S.A. 75-6101 et seq.
[2] Kansas Commission on Emergency Planning and Response, 2009 Annual Report at 28. The Kansas Commission on Emergency Planning and Response is a statutorily created body per K.S.A. 65-5721 et seq.
[3] Kansas Adjutant General's Department, 2010 Annual Report at 25.
[4] E.g. North Central Kansas Regional Homeland Security Council Bylaws, Article V, Section 1.
[5] E.g. Southeast Kansas Regional Homeland Security Council Bylaws, Article V, Section 4.
[6] E.g. Northwest Kansas Regional Homeland Security Council Bylaws, Article V, Section 1.
[7] E.g. South Central Regional Homeland Security Council Bylaws, Article V, Section 1.
[8] Id.
[9] Id.
[10] Id.
[11] K.S.A. 75-6101 et seq.
[12] K.S.A. 2010 Supp. 75-6103(a).
[13] K.S.A. 2010 Supp. 75-6102(d). (Emphasis added)
[14] K.S.A. 2010 Supp. 75-6102(d)(2).
[15] K.S.A. 2010 Supp. 75-6102(d)(1)(H).
[16] Bonewell v. City of Derby, 236 Kan. 589 (1985).
[17] K.S.A. 2010 Supp. 75-6102(d)(2).
[18] See, e.g., Bonewell v. City of Derby,236 Kan. 589 (1985).
[19] K.S.A. 2010 Supp. 75-6102(d)(1)(A).
[20] Northeast Kansas Regional Homeland Security Council Bylaws, Article V, Section 4(a).
[21] See, e.g., North Central Kansas Regional Homeland Security Council Bylaws, Article V; South Central Regional Homeland Security Council Bylaws, Article V.
[22] K.S.A. 2011 Supp. 75-6108(a).
[23] K.S.A. 2010 Supp. 75-6108(c).